UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASMINE TORO, *on behalf of herself and all others similarly situated*,

                Plaintiff,

    v.

PLASTAKET MANUFACTURING COMPANY, INC.,

                Defendant.

**ORDER**

23-cv-709 (ER)

---

RAMOS, D.J.

      Jasmine Toro filed this action on January 27, 2023. Doc. 1. An electronic summons issued on January 30, 2023. Doc. 4. Since then, there has been no further action in the case. Accordingly, on July 7, 2023, the Court ordered Toro to submit a status letter by July 14, 2023. Doc. 5. It indicated that failure to do so could result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* The Court also stated that, pursuant to Federal Rule of Civil Procedure 4(m), the action could be dismissed for failure to serve the defendant. *Id.*

      Toro failed to submit a status letter pursuant to the July 7 Order. Thereafter on July 26, 2023, the Court once again ordered Toro to submit a status letter by Friday, July 28, 2023. Doc. 6. It made clear that "[f]ailure to do so [would] result in dismissal for failure to prosecute." *Id.*

      For the reasons set forth below, the Court now dismisses the action for failure to prosecute under Rule 41(b).

**I.    Standard**

      Courts evaluating dismissal under Rule 41(b) must consider the following factors:

>   (1) the duration of the plaintiff's failures,
>
>   (2) whether plaintiff had received notice that further delays would result in dismissal,
>
>   (3) whether the defendant is likely to be prejudiced by further delay,
>
>   (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
>
>   (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II.   Discussion

In the instant case, each of the *LeSane* factors weighs in favor of dismissal. *First*, Toro has not communicated with the Court for more than eight months, nor has she otherwise complied with either of the Court's orders.  Docs. 5, 6.  Indeed, the docket shows Toro has not taken any action to prosecute this case over that time.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, as set forth above, Toro was given clear notice that failure to respond to Court orders could result in dismissal.  The Court specifically warned—on two separate occasions—that failure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute.  Docs. 5, 6.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.

2

1982) (internal quotation marks omitted).  Because Toro has failed to advance this case, the Court perceives no circumstances rebutting this presumption.  Indeed, there is no indication that the defendant has even been served here.

*Fourth*, Toro has not taken advantage of her "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209.  And importantly, "it is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Toro has ignored two Court orders and otherwise failed to move forward this action, there are no weaker sanctions that could remedy the failure to prosecute this case. Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the case is dismissed with prejudice for failure to prosecute.  The Clerk of Court is respectfully directed to close this case.

It is SO ORDERED.

Dated: August 1, 2023
       New York, New York

_____
Edgardo Ramos, U.S.D.J.